ZIMRI F. AMES

*v.*

CORNELIUS SNIDER.

1. CHANCERY—*setting aside a judgment at law—negligence of a party or of his attorney.* A court of equity will take jurisdiction to set aside a judgment at law, when the facts clearly show it to be against conscience to execute the judgment, and of which the injured party could not have availed in a court of law, or of which he might have availed at law, but was prevented by fraud or accident, unmixed with any fault or negligence in himself or his agents.

2. A judgment by default being rendered against a defendant in a suit at law, and damages assessed, he sought the aid of a court of chancery to enjoin the judgment, on the allegation that on the inquest of damages the plaintiff was the only witness, and by his false and perjured testimony the verdict was found, when nothing was due, and alleging that a plea in abatement for a misnomer of the defendant had been prepared and sworn to, but, by neglect of his attorney, was not filed, by reason whereof the default was taken: *Held,* the inattention of counsel in neglecting to file the plea was no cause for the interference of a court of equity to enjoin a judgment obtained under such circumstances.

3. Moreover, the defendant himself was guilty of such neglect as to deprive him of any ground of relief, because he had notice, after the default,

that an inquest of damages would be had, and did not attend, to testify himself, as he might have done, or to cross examine the plaintiff and to ask instructions to the jury.  As a general principle, a court of equity will not relieve against the neglect of the party in a suit at law, who has not made a proper defense, if he, knowingly, had a day in court.

4.   And it is not enough that a party asking the aid of a court of chancery to set aside a judgment, shall show that it is unjust, but he must show, if he could have had a fair trial at law, he would have had a verdict.

5.   So where the party seeking relief alleged that the verdict was obtained by means of the false testimony of the other party, but failed to show that he had witnesses, other than himself, by whom to prove the testimony against him was false, it would be of no avail to set aside the judgment merely to let in the parties to testify against each other on another trial.

6.   IDEM SONANS.  A plea in abatement alleging that the defendant was sued by the name of "Zemeriah" F. Ames, when his true name, and that by which he was known and called, was "Zimri" F. Ames, on the principle of *idem sonans*, can hardly be sustained.

APPEAL from the Circuit Court of LaSalle county; the Hon. EDWIN S. LELAND, Judge, presiding.

The opinion of the court contains a sufficient statement of the case.

Mr. B. C. COOK and Mr. M. E. HOLLISTER, for the appellant.

Mr. R. D. McDONALD, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery, in the LaSalle circuit court, filed by Zimri F. Ames, against Cornelius Snider, to enjoin the collection of a judgment, on the allegation that the judgment was obtained by the false swearing of Snider, the plaintiff in the action, when there was nothing, in fact, due.

A demurrer was interposed and sustained, and the bill dismissed.

The only question is as to the propriety of this decree.

It appears appellee had done some work for appellant, on his house and barn, and brought a suit in the LaSalle circuit court for the value thereof. There was no appearance or plea to the action by appellant, although he was duly served with process. The consequence was, a judgment for default was duly entered against him at the February term of that court. At the February term, 1870, one year thereafter, an inquest of damages was had, and they were assessed at $275. The defendant had due notice, prior to the inquest, of the default, and moved at the term at which the inquest was had, to set the default aside, which the court refused.

The ground for the relief sought is, that so soon as process was served upon him, he applied to a competent lawyer to appear in the case for him, who prepared a plea in abatement, for a misnomer of the defendant, he being sued by the name of Zemeriah, when his name was Zimri, which he duly subscribed and swore to, but which plea, by some accident, or inattention on the part of his counsel, was not filed. He further claims relief on the ground that on the inquest of damages, the plaintiff was the only witness, and by his false and perjured testimony, the verdict was found.

It cannot be, and is not, denied, that the default was regularly taken, for want of a plea, and the inattention of counsel in neglecting to file a plea is no cause for the interference of a court of equity to enjoin a judgment obtained under such circumstances. *Smith et al.* v. *Powell et al.* 50 Ill. 21. If the defendant has been injured by the want of due diligence and care on the part of his counsel, the law is open to him, and will afford him the full measure of redress.

On the ground that the verdict was the result of perjury, it may be said that many verdicts are obtained by the same means, but that fact alone would not open the ear of the chancellor to the complaint. In this case the defendant had full notice that an inquest of damages would be had, and he made no appearance. He now says that he does not owe the appellee

anything. How could appellee be convicted of perjury, he testifying to one state of facts, and appellant to another, and the jury believing appellee? Appellant gives no reason for his non-appearance at the inquest. Were he present there, it might be appellee would not have ventured upon perjury, to sustain his claim. But suppose there was an issue between them, and on trial before a jury, and the parties were the only witnesses, could a court of equity interfere to set aside a judgment, whichever way it might be, in such a case? We apprehend not.

As a general principle, it may be said that a court of equity will not relieve against the neglect of a party in a suit at law, who has not made a proper defense, if he, knowingly, had a day in court. *Owens* v. *Ranstead*, 22 Ill. 161. This appellant had a day in court on the inquest of damages, and could have been sworn as a witness as to the damages, could have cross examined the plaintiff, and could have moved the court for instructions to the jury. *Town of South Ottawa* v. *Foster*, 20 Ill. 296.

It may also be considered as settled doctrine that a court of equity will take jurisdiction when the facts clearly show it to be against conscience to execute a judgment, and of which the injured party could not have availed in a court of law, or of which he might have availed at law, but was prevented by fraud or accident, unmixed with any fault or negligence in himself or his agents. *Marine Ins. Co. of Alexandria* v. *Hodgson*, 7 Cranch, 332; *Beams* v. *Denham et al.* 2 Scam. 58; *Wierich* v. *DeZoya*, 2 Gilm. 385.

Appellant is now in this position: The default was the result of the negligence of his attorney and agent; the result of the inquest, of his own negligence, and a court of equity can grant him no relief.

We do not think the case decided by this court, on which appellant relies, has any particular bearing on this case. In that case there was but one witness, and he voluntarily made an affidavit of the falsity of his testimony, stating in it his

desire to retract the same, and the affidavit was made an exhibit in the bill. *Seward* v. *Cease et al.* 50 Ill. 228.

Nor do we think the case cited from 7 Wisconsin, 542, *Henderson* v. *Baker*, as applicable to this, for, in that case, the attorney employed to defend the case, but who had neglected to file a plea, was alleged to be insolvent, and unable to respond in damages.

It is not enough, that a party asking the aid of a court of chancery to set aside a judgment, shall show that it is unjust, but he must show, if he could have had a fair trial at law, he would have had a verdict. In this case that would be difficult, if not impossible, for appellant does not state he has witnesses to prove the testimony of appellee to have been false. The case, if tried by a jury, would be tried on the testimony of the parties. In such case, it would be idle to charge the winning party with perjury.

Appellant has never pretended to have a defense on the merits. The plea he instructed his attorney to prepare for him was a dilatory plea, merely, and which, on the principle of *idem sonans*, could hardly have been sustained.

We see nothing in the case to entitle it to the favorable consideration of a court of equity, and must affirm the decree dismissing the bill.

*Decree affirmed.*