# JAMES Q. PALMER

## v.

# DAVID M. BETHARD et al.

1. CHANCERY—*relief against judgment at law, where there was a legal defense.* Before resort can be had to a court of equity against a judgment at law, there must not only be a good legal defense, but the party must have been deprived of it by accident, mistake or fraud, and without any negligence on his part.

2. Where judgment was recovered against a party on a final settlement of partnership accounts four years after the alleged settlement, a court of equity will not set aside the judgment, upon his showing that he has subsequently discovered mistakes in the statement of the account which show the judgment to be unjust and inequitable, where he had free access to the books. In such a case he is guilty of gross *laches* and negligence in not making the discovery before the trial at law.

APPEAL from the Circuit Court of Morgan county; the Hon. CHARLES D. HODGES, Judge, presiding.

This was a bill in chancery, by James Q. Palmer against David M. Bethard, Charles Sample and Benjamin Pyatt, to enjoin the collection of a judgment in favor of Bethard against complainant. The facts appear in the opinion.

34—66TH ILL.

Messrs. MORRISON & WHITLOCK, and Mr. H. E. DUMMER, for the appellant.

Mr. WILLIAM BROWN, for the appellees.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The complainant filed his bill to set aside a judgment at law, and to state a partnership account. A demurrer was sustained and the bill dismissed.

The complainant alleged the formation of a partnership between him and the defendants in 1864, which continued until in 1866, when there was a partial settlement of the business of the firm, but no final settlement or balance struck; that the complainant placed the books and papers pertaining to the partnership, in the hands of the defendants; and that they made a settlement, and found that the complainant was indebted to Bethard; but, that the complainant was not present at the settlement, though he made an examination of the accounting and paid to Bethard $2000, and refused to pay any more. Bethard then instituted a suit at law against the complainant for the balance alleged to be due on the settlement. Two trials were had, and each time a verdict was rendered against the complainant. The last trial was in November, 1871.

It is then charged that the judgment is unjust, and the basis of the charge is, that, since its rendition, the complainant had discovered papers and entries in books which showed mistakes in the settlement, and that the judgment is erroneous and inequitable, and that the facts were not fully known to the complainant at the time of the trial. It is further alleged that he was not present at the time of the last trial, and that he was misled as to the time it would take place by the attorney of Bethard.

Though it is alleged in the bill that there was no final settlement, yet it is not alleged that proof can now be made of such fact.

The only ground, therefore, for setting aside the judgment and granting a new trial, is the discovery subsequent to the last trial. No allegation is made of any diligence, or of any examination of the books and papers, previous to the trial at law, and no excuse is given why such examination was not had sooner, though four years and more had elapsed since the dissolution of the partnership and before the rendition of the judgment.

There is no shadow of excuse for such gross *laches* on the part of the complainant; and in the exercise of reasonable diligence, he might have made his defense at law.

The rule, as recognized by this court in *Vennum* v. *Davis*, 35 Ill. 568, is thus laid down by MARSHALL, Ch. J., in *Marine Insurance Co.* v. *Hodgson*, 7 Cranch, 333: "It may safely be said, that any fact, which clearly proves it to be against conscience to execute a judgment, and of which the injured party could not have availed himself in a court of law, or of which he might have availed himself at law, but was prevented by fraud or accident, unmixed with any fault or negligence in himself or his agents, will justify an application to a court of chancery."

Before resort can be had to a court of equity for relief against a judgment at law, there must not only be a good legal defense, but the party must be deprived of it by accident, mistake or fraud, and without any negligence on his part. *Winchester* v. *Grosvenor*, 48 Ill. 517; *Ames* v. *Snider*, 55 Ill. 498.

It is manifest in this case, that the party might have been prepared with his defense to the suit at law. He had ample time—four years—in which to make an examination and discover the alleged errors; and he had free access to the books and papers. The omission to make his defense is chargeable to his own *laches*. As was said by the Lord Chancellor, in *Standen* v. *Edwards*, 1 Vesey, Jr., 133: "It would be extremely dangerous to let parties keep evidence in their

pockets, and then say, that, if produced, it would have such an effect."

To sustain the bill, in this case, would be to lay down a rule that would introduce fraud.

The decree is affirmed.

*Decree affirmed.*