## William A. Fowler et al.
### v.
## Frank S. Loomis.

*Injunctions—Fraud.*

1.  Fraud must be shown by the allegation of facts from which it is the necessary or probable inference.

2.  Upon a bill filed for an injunction to restrain the transfer and collection of certain notes given upon a settlement of accounts, it being alleged that defendant fraudulently made charges for goods never delivered, and that said notes in part represented an excess, in a considerable sum, over and above the amount due, this court holds that the bill does not properly and sufficiently allege fraud; that the injunction granted as asked was too broad in terms; that complainant's defense might be made at law, and that the order in his behalf can not stand.

[Opinion filed November 11, 1890.]

Appeal from the Circuit Court of Cook County; the Hon. O. H. Horton, Judge, presiding.

Messrs. Tenney, Hawley & Coffeen, for appellants.

It is not alleged that there was any fraud or deceit practiced in immediate connection with the delivery of the papers; any false weights, any trick or device to mislead complainant or prevent him from ascertaining the truth; any representations as to amount of paper delivered; any wilful making of statements known to be false with intent to deceive; merely bills rendered in which it is alleged, defendants "fraudulently" charged for paper never furnished.

Fraud can not be legally predicated of such a transaction, nor can it afford any basis for equitable relief, especially the harsh and severe remedy by injunction. It is evident that the parties stood upon equal ground, possessing equal facilities for knowing the facts. Complainant had no right to neglect to avail himself of those precautions which the commonest prudence would dictate, and which, we venture to say, ninety-nine out of every hundred business houses in the country

would observe, viz., weigh and check off the goods as deliv-ered, and then, on discovering a real or fancied shortage, rush into a court of equity for relief from the consequences of his own folly and neglect.

"Where a party can protect himself by ordinary care and prudence, he must do so; and if, with full means of knowl-edge, being equally able to judge of a matter for himself, he relies upon the representation of another, with whom he stands on equal footing, without exercising the means of knowledge open to him, neither the courts of law nor courts of equity will relieve him from the effects of such folly." Am. and Eng. En. of Law, Vol. VIII, p. 643, and cases cited.

From the numerous cases recognizing and applying the rule above stated, we shall select but a few, mostly from our own court.

The case of Ward v. Luneen, 25 Ill. App. 160, is directly in point on the necessity of *scienter*. So also, the case of Schwabacker v. Riddle, 99 Ill. 343, which was an action on the case for deceit, brought against the retiring partners of a firm by one who had purchased their interest, the purchaser claiming that he was cheated out of some $2,600 by false and fraudulent representations made by defendants in regard to the amount the goods purchased inventoried; that defendants added that amount to the invoice taken just prior to the dis-solution of the old firm. The court below had given the jury an instruction ignoring both elements of the proposition we are considering. The Supreme Court, in reversing the judgment, criticised the instruction thus:

"Upon this instruction, if the jury found the defendants had made a mistake in fixing the amount for which the notes were taken, they would be liable, although the most perfect fairness and honesty attended this transaction. We are aware of no authority which will sanction a recovery in an action for deceit, unless a false representation has been made know-ingly, with intent to deceive. As said in Weatherford v. Fishback, 3 Scam. 170, 'The fraud and the *scienter* seem to constitute the grounds of the action. A knowledge of the falsity of the representations must rest with the party making hem, and he must use means to deceive.'

Fowler v. Loomis.

"Again, under this instruction a recovery may be had, although the plaintiff was deceived from a total want of reasonable care on his part. At the time the notes were signed, as we understand the evidence of plaintiff himself, the invoice, which showed the correct amount of the goods, was present and in the hands of one of the defendants. If that be true, and it could have been obtained and inspected by the plaintiff, and he failed and neglected to do so, but relied upon a statement made by Fosbinder at the time, it was for the jury to determine whether, under the evidence, he had exercised proper diligence to guard against deception, and, if he did not, he could not recover."

The case of Tone v. Wilson, 81 Ill. 529, is also instructive upon several propositions involved in this case.

The case of Carondelet Iron Works v. Moore, 78 Ill. 70, is identical in principle, on the question of fraud.

Messrs. J. O'B. SCOBEY and DWIGHT & KERN, for appellee.

MORAN, P. J.  Appellee filed his bill, showing that in pursuance of certain contracts he had certain dealings with appellants in the purchase of paper; that appellants weighed the paper delivered to him, and that, in fact, he was charged by them with something over 66,000 pounds of paper more than they in fact delivered to him.

That believing their account of the amount delivered to be correct, he settled with them and gave them his negotiable promissory notes to the amount of some twelve or fifteen thousand dollars, which was in excess of the sum that he really owed them, in something over $3,000. Appellee stated that the overcharge of paper was "fraudulently" made, but he states no facts in his bill showing that overcharge was knowingly or intentionally made, or going to show that it resulted from anything other than carelessness or mistake. Fraud must be shown by the allegation of facts from which it is the necessary or probable inference. Fraud can not be made out by the profuse interpolation of adjectives, characterizing acts alleged to be done, as fraudulently done. This

bill does not in any proper or sufficient manner allege fraud. The most that the allegations amount to is that appellants had obtained appellee's notes for more than he owed them, and that they were about to transfer said notes to innocent holders against whom the facts would constitute no defense, as to any part of said notes. On the recommendation of a master, an injunction was issued on this bill, not only restraining appellants from transferring the notes, but also restraining them from attempting in any manner to collect said notes, as they should mature.

This injunction was too broad in any view that can be taken of the case. No ground whatever is shown for preventing the appellants from proceeding at law to collect the notes as they matured. Whatever defense the statements of the bill shows that appellee had to the notes, might be made by him in a law court.

It might have been proper to restrain the transfer of the notes as long as they lacked maturity, but restraining action at law upon them after they matured was clearly wrong. As the notes have long since all matured, there is no necessity for retaining that part of the injunction which restrained their transfer, and as the injunction order as a whole was unwarranted, the entire order will be reversed.

*Order reversed.*