### Emil Calman, Gustav B. Calman and Charles Calman v. Henry Stuckart.

1. EQUITY—*Relief Against Judgments.*—The failure of persons agreeing to defend a suit to keep their agreement gives rise to no equity in favor of the defendant in such suit, the neglect of such persons is the neglect of the defendant, and a court of equity will not interfere with the collection of a judgment against him.

2. SAME—*Power Over Erroneous Judgments.*—A court of equity will

Calman v. Stuckart.

not set aside an erroneous judgment which is not void. It is not the business of a court of equity to correct errors of courts of law.

3. FRAUD—*How Shown.*—Fraud must be shown by the allegation of facts from which it is a necessary or probable inference; it can not be made out by the profuse use of adjectives, characterizing acts alleged to have been done, as fraudulently done.

**Bill,** to enjoin the collection of a judgment. Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the March term, 1897. Reversed and remanded with directions. Mr. Justice WATERMAN dissenting. Opinion filed June 14, 1897.

WOLSELEY & HEATH, attorneys for appellants.

Before a bill can be maintained to set aside a judgment to which there was a good defense at law, known to the defendant at the time it was rendered, it must clearly appear that the enforcement of the judgment would be unjust and against conscience, and moreover, that the defendant was prevented from making his defense to the action in which the judgment was obtained by fraud, mistake, accident or surprise without *laches,* negligence or default on his part or those representing him.   Clark v. Ewing et al., 93 Ill. 572; Bay et al. v. Cook, 31 Ill. 336; Vennum v. Davis et al., 35 Ill. 568; Kern v. Strausberger et al., 71 Ill. 413; Allen v. Smith et al., 72 Ill. 331; Weaver v. Poyer et al., 70 Ill. 567; Smith et al. v. Powell et al., 50 Ill. 21; Walker v. Shreve et al., 87 Ill. 474.

GOLDZIER & RODGERS, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee filed this bill in chancery, from which it appears that January 2, 1896, he was summoned as a garnishee in a suit by attachment commenced by the appellants against one Pohle, to whom he owed $28.   December 28, 1895, the appellee had been notified by Wolf, of the firm of O'Connor & Wolf, attorneys, that Wolf had purchased the claim of Pohle against the appellee.

Soon after he was summoned, the appellee received a

letter from the attorneys that they would defend him without expense to him. He answered that he was ready to pay the amount he owed when the court should decide to whom, and rested in the belief that the attorneys would take care of him.

March 24, 1896, he was served with a *sci. fa.* on a conditional judgment entered against him March 5, 1896, for $375.30, but he still rested in the belief that the attorneys would take care of him. April 18, 1896, the conditional judgment was made absolute, and June 1, 1896, an execution issued thereon, which the sheriff was about, at the time the bill was filed, to levy upon the property of the appellee.

The facts already stated present no excuse for the neglect of the appellee to attend to the process against him. If the relation of attorney and client was created between O'Connor & Wolf and the appellee, their neglect was his neglect. Clark v. Ewing, 93 Ill. 572.

If such relation was not created, but only some sort of contract made between him and them, their failure to perform it gave rise to no equity against the appellants.

Having notice March 24, 1896, that a conditional judgment had been entered against him for more than a dozen times as much as he owed, his trust in the diligence of the attorneys to take care of him, was wholly unwarranted, and his own inattention to his interest was great negligence. Mellendy v. Austin, 69 Ill. 15.

An amendment of the bill states that the wrong done to the appellee "was the result of a fraudulent collusion between Wolf and the appellants" for the benefit of Wolf, and describes how he obtained the benefit; and both the original bill and amendment state divers irregularities in the proceedings by which the judgment was obtained.

Such irregularities give the appellee no standing in equity. Gibbons v. Bressler, 61 Ill. 110. If they were such as to affect the jurisdiction of the court, he had his remedy by writ of error. Dennison v. Taylor, 142 Ill. 45; Dennison v. Blumenthal, 37 Ill. App. 385.

As to the charge of fraudulent collusion, no facts are

alleged. " Fraud must be shown by the allegation of facts from which it is the necessary or probable inference. Fraud can not be made out by the profuse interpolation of adjectives, characterizing acts alleged to be done as fraudulently done." Fowler v. Loomis, 37 Ill. App. 363.

A demurrer to the bill was overruled and a decree entered that the appellee pay the appellants $28, and they enjoined from enforcing the judgment.

This is error. The decree is reversed and the cause remanded, with directions to the Superior Court to dissolve the injunction and dismiss the bill at the costs of the appellee. Reversed and remanded with directions.

MR. JUSTICE WATERMAN dissents.