HAINES MEYERS v. JOHN R. SMITH.

FILED OCTOBER 5, 1899. NO. 10,567.

1. Opening Judgment: REMEDIES: EFFECT OF REVIEW. The provisions of the Code of Civil Procedure in regard to vacation of judgments and granting of new trials are not exclusive. The right to an independent equitable action also exists, and such action may, under certain circumstances, be prosecuted after removal and review of the judgment suit in the court of last resort.

2. ——: ——: Petition. The petition in this case examined, and *held* to state a cause of action for equitable relief against a judgment at law.

3. ——: ——: False Testimony. In an equitable action to vacate a judgment on the ground of the reception of false testimony or perjury, committed during the trial of the cause in which it was rendered, the general rule is that the action must be predicated upon perjury of the successful party, or his witnesses, or on matter in the evidence produced for him.

4. ——: Newly-Discovered Evidence. Alleged newly-discovered evidence, consisting of statements of the successful party and the main witness in an action of criminal conversation averred to have been made after the trial and out of court, being cumulative or impeaching in their character, determined not sufficient to uphold a decree of vacation of the judgment and the granting of a new trial.

Error from the district court of Richardson county. Tried below before Stull, J. *Reversed.*

The opinion contains a statement of the case.

*J. H. Broady*, for plaintiff in error:

A judgment affirmed by the court of last resort can not be opened in a suit in equity. See *Codde v. Mahiat*, 66 N. W. Rep. [Mich.], 1093; *Gray v. Barton*, 62 Mich., 186.

A court of equity can not set aside a judgment at law because of the perjury of a witness who testified in the action at law. See *United States v. Throckmorton*, 98 U. S., 61; *Mayor v. Brady*, 115 N. Y., 599; *Cotzhausen v. Kerting*, 29 Fed. Rep., 821.

A court of equity will not set aside a judgment at law on account of matters which were presented and considered in the case wherein such judgment was rendered. See *Bateman v. Willoe*, 1 Sch. & Lef. [Irish], 201; *Dixon v. Graham*, 16 Ia., 310; *Cottle v. Cole*, 20 Ia., 482; *Borland v. Thornton*, 12 Cal., 440; *Riddle v. Baker*, 13 Cal., 295; *Railroad Co. v. Neal*, 1 Wood [U. S.], 353; *Greene v. Greene*, 2 Gray [Mass.], 361.

*Edwin Falloon, contra:*

Perjured litigants cannot reap the fruit of their **own**

iniquity. A judgment obtained by false testimony of plaintiff may be set aside in an independent suit in equity. See *Monro v. Callahan*, 55 Nebr., 75; *Stowell v. Eldred*, 26 Wis., 504; *Klaes v. Klaes*, 72 N. W. Rep. [Ia.], 777; *Heathcote v. Haskins*, 38 N. W. Rep. [Ia.], 419; *Baldwin v. Sheets*, 39 O. St., 624.

A judgment obtained by perjury of a party may be vacated after it has been affirmed in the supreme court. See *Monro v. Callahan*, 55 Nebr., 75.

HARRISON, C. J.

In an action of criminal conversation Haines Meyers obtained a judgment against John R. Smith in the sum of $3,000, and in an error proceeding the judgment was affirmed, both on its first submission and rehearing. The first opinion is reported in 52 Nebr., 70, and the one on rehearing in 54 Nebr., 1. It was filed February 17, 1898. On February 28, 1898, a petition was filed in the district court of Richardson county for John R. Smith, the prayer of which was that a temporary injuction be granted against the enforcement of Haines Meyers of his judgment, also that upon final hearing the judgment be vacated. The temporary injunction was granted and issues joined, a trial of which resulted in a decree by which the judgment, the subject of attack, was set aside and a new trial ordered of the action for criminal conversation. The petition in the case at bar stated as a ground for the relief sought that the judgment against which the action was directed had been obtained through the fraud and perjured testimony of the successful party and his wife. The trial court set forth in the decree in the present case that it had been made to appear that the verdict and judgment in the action at law was obtained through false and perjured testimony. In this error proceeding a reversal of the decree is asked.

It is objected that the petition does not state a cause of action, and three reasons are stated to sustain the contention. First, that the Code has provided a remedy, and

this action was not commenced within the time prescribed or had become barred.   See Code of Civil Procedure, secs. 602, 609, 318.   To this it must be said that the petitioner disclaims any proceeding under the Code, and asserts the right to an independent equitable action, and that this suit is such an one.   It is true that by our Code actions at law and in equity are blended and there is but one form of action.   But that the proceedings provided in the Code for the vacation of judgments are but cumulative and concurrent with an equitable action was recognized in *Munro v. Callahan,* 55 Nebr., 75, which was a suit very similar to this at bar, and we have discovered no reason for changing the views then expressed.   On this point see, also, 11 Ency. Pl. & Pr. 1185, 1186 and note.   A second reason is that it was shown in the petition that the original case had been removed to the court of last resort, there reviewed and affirmed, and that after such proceedings a bill in equity will not lie.   But in this case the allegations were of matters discovered subsequent to the time at which any advantage could be taken of them in the law case and prior to its review, and, in a proper case, that this was true would confer jurisdiction. The case of *Munro v. Callahan, supra,* although no particular mention is made of the subject, seems to uphold the doctrine we have just stated.   The third reason is that the petition, in its substance or statements which set forth the matters of the merits of the suit, was insufficient.   We are satisfied from an examination of the pleading that, while in some respects it is not entirely satisfactory, it states a cause of action.

It is further claimed that the evidence was insufficient to establish the allegations of the petition and to call for relief.   The averments of the petition were to the effect that in the action of criminal conversation the alleged injured husband and the wife had planned to bring about the action to extort money from the party against whom the suit was brought, and had succeeded in the trial by reason of their perjured testimony, and more particularly

7

that of the wife. The wife gave the only testimony of the acts of criminal intercourse with her by the defendant in the action, but there was some corroborative testimony. See *Smith v. Meyers*, 52 Nebr., 70. It has been stated that there have been but few cases in which judgments have been vacated and new trials awarded on the ground that the judgment was the result of the perjury of the successful party or his witnesses, or false evidence in his behalf (*Munro v. Callahan, supra*); and, as a general rule, a bill for relief in such cases will not be entertained. See 11 Ency. Pl. & Pr., 1183. The remedy will not generally be afforded on account of the perjury of witnesses other than those of the successful party. See *Munro v. Callahan, supra; Laithe v. McDonald*, 12 Kan., 340. But here, from the very nature of the case, the success or defeat of the plaintiff in the lawsuit depended mainly on the testimony of the wife. She was the main or principal witness, and it was further charged that her testimony was a part of a scheme between her and the husband, the plaintiff, to obtain the judgment in his favor. Under such facts the petition was sufficient, based on the alleged perjury in her testimony relative to the main facts—the acts of criminal intercourse. We will state here that the opinion in *Munro v. Callahan, supra*, but dealt with the question of the sufficiency of the petition in that action to withstand a general demurrer, and to sustain the judgment rendered, and must be read with such facts borne in mind.

There is the further disputed matter in the case at bar of whether the evidence adduced was sufficient to support the decree rendered. It was sought to show that the husband had made statements out of court, and subsequent to the trial, wholly at variance with his testimony, and which made it apparent that the suit for criminal conversation was without real foundation, and was but a part of a plan to get money of the party sued. There was also an effort made to show that the wife had made statements, after the trial, which tended to contra-

dict her testimony, and further to show her complicity in the scheme of money-getting through the lawsuit. A witness was produced who testified that he believed he was a second cousin to Haines Meyers, the plaintiff in the action; that his mother claimed so; that he had two children, and intended to take them to a picnic, and, pursuant to such intention, went to where he expected they would be, and on inquiry there was told they were at the house of Haines Meyers, and here we will copy from the record:

"Q. You were told that they were at Meyers' house?

"A. Yes, sir, and I rapped on the door and she [Mrs. Meyers] come to the door and said come in. I told her I had made arrangements to go to the picnic and I could not, and she made some remark about it. I had a team hitched to take the children, and she said, 'Let the team go and come in. There won't be nothing going on down there; come in, you will have just as good a time here.' The team was coming back there. I told her I could not, and I jokingly said, 'You might come Smith on me,' or some such words as that, and she said—

"Q. Did you say Smith or John R. Smith?

"A. I would not say whether I said Smith or John R. Smith, but I said Smith. She said she had nothing to do with J. R. Smith, it was his money she wanted."

This was the statement of the woman made in answer to a joking remark, which contained a broad insinuation, was not under oath, and in its nature, to the extent it may be said or construed to have referred to acts of criminal intercourse with Smith, while it tended somewhat to establish that the testimony she had given was untrue, it was but impeaching testimony. The portion of the remark which alluded to money was but cumulative to evidence on the same point introduced during the trial of the action for criminal conversation; and was also impeaching in its character. The competent evidence of the remarks of the husband stated to have been made after the termination of the original suit were

wholly cumulative, and not of independent facts. All this would but furnish further evidence for the consideration of a jury on the issues already tried. There was in it no direct or positive evidence to establish perjury, and it was insufficient. See *Burgess v. Lovengood,* 2 Jones Eq. [N. Car.], 457; *Ames v. Snider,* 55 Ill., 498. Newly-discovered evidence, merely impeaching or cumulative, is not sufficient in a motion for a new trial (11 Ency. Pl. & Pr., 807-811 and notes), and it can not be held adequate to call for relief in an action in equity. What we have said must not be taken as a statement that there might not be admissions or declarations of parties to suits, made after the judgment, which would not be sufficient to cause the judgments to be vacated, and new trials granted; but we do decide that the ones of which there was evidence herein were not adequate. The decree is reversed, and the cause remanded.

REVERSED AND REMANDED.

