## Alleanza Italiana, Appellant, v. Carmela Papa, Tarquinius di Bernardino et al., Appellees.

### Gen. No. 22,708.

1. JUDGMENT, § 360*—*when may not be collaterally reviewed.* A judgment which is undisturbed by appeal or writ of error is a verity and binding upon the parties, and cannot be collaterally reviewed in equity, where the court's jurisdiction is not attacked either as to the parties or the subject-matter or as to fraud, accident or mistake, or as unconscionable, and all parties were before the court and heard both before and after the judgment.

2. JUDGMENT, § 318*—*when equity will not relieve against.* While a court of equity will relieve against a judgment procured by fraud, accident or mistake, no aid will be extended merely for errors intervening in the progress of the cause or the entry of the judgment.

Appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed March 12, 1917.

JOHN DE GRAZIA, for appellant.

A. G. DICUS, for appellee Carmela Papa.

MR. JUSTICE HOLDOM delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The bill in this case is called a bill of interpleader and is before this court for the second time. The former appeal was from an interlocutory injunctional order, which we affirmed. The facts necessary to a proper understanding of the case are sufficiently stated in the opinion of the court on the prior appeal, general number 22,508 to which we now refer without repeating them. [199 Ill. App. 401.]

Since the filing of the mandate of this court in the trial court complainant amended its bill, the most material part of which consisted in the setting forth *in haec verba* of its affidavit of meritorious defense filed in the Municipal Court in the suit of Carmela Papa against complainant, which on motion was stricken from the files, and the judgment sought to be enjoined rendered against it. The other amendments in no way affect the rights of the parties as they stood under the bill as originally filed. To the bill as amended the defendants Papa and the two Johnstons interposed demurrers. The remaining defendant having answered the original bill, his answer was on motion allowed to stand as an answer to the bill as amended. The demurrers were sustained, and complainant electing to stand by its bill as amended, the same was as to said demurring defendants dismissed for want of equity.

The main purpose sought to be attained by complainant through its bill is to perpetually enjoin the enforcement of the judgment obtained against it in the Municipal Court.

At the root of this case and controlling its decision lies the question of the right of complainant to have the collection of the judgment of the Municipal Court enjoined or its enforcement interfered with. The judgment remains in the Municipal Court undisturbed by appeal or writ of error. The defenses interposed by complainant have been adjudicated against it. The rulings of the court in that trial cannot be attacked

collaterally or reviewed by the processes of equity. The judgment is verity and binding upon the parties and cannot be collaterally disturbed. There is no challenge as to the court's jurisdiction of either the parties or the subject-matter of the suit. Neither is it contended that the judgment was procured by fraud, accident or mistake. Nor can it be said to be unconscionable, for all the parties to the judgment were before the court and were heard in their several interests both before and at the time the judgment was entered. The claims of the parties and their rights were made known to complainant by the pleadings. Two courses were open to it—one to defend the suit in the forum in which it was brought, the other to have filed a bill of interpleader before adjudication of the rights of the parties in the suit at law and rendition of judgment. Having chosen to defend the suit at law, the unreversed judgment in that suit obtained is not subject to attack in a proceeding in equity. Another difficulty environing complainant lies in the fact that it is not an independent stakeholder. It is interested in the fund in dispute, and is asking that a decree be entered enjoining the collection of the Municipal Court judgment constituting that fund, and that some of the defendants be ordered to pay its costs and solicitor's fees. In its essence this is not an interpleader action. It is an attempt to avoid the payment of a judgment obtained with jurisdiction of the parties and the subject-matter. This cannot be done. While a court of equity will relieve against a judgment procured by fraud, mistake or accident, no aid will be extended merely for errors intervening in the progress of the cause or the entry of the judgment. *Central Stock & Grain Exchange v. Pine Tree Lumber Co.*, 140 Ill. App. 471; *West Chicago St. R. Co. v. Stoltzenfeldt*, 100 Ill. App. 142; *Calman v. Stuckart*, 70 Ill. App. 310; *Gibbons v. Bressler*, 61 Ill. 110; *Palmer v. Bethard*, 66 Ill. 529;

*Ames v. Snider,* 55 Ill. 498; *West Chicago Park Com'rs v. Riddle,* 151 Ill. App. 487.

The answer of defendant di Bernardino was, on the initiative of the chancellor, stricken from the files and the bill was dismissed as to the answering defendant for want of equity. Of this order no one is complaining.

The decree of the Superior Court sustaining the demurrer, striking the answer of the answering defendant from the files and dismissing the bill as amended for want of equity is affirmed.

*Affirmed.*