JACOB GIBBONS

*v.*

PETER BRESSLER.

1. EQUITY—*setting aside a sale on attachment—for fraud.* If a person, knowing another is not indebted to him, makes a false affidavit, procures a writ of attachment, has it levied on lands of the defendant, obtains a judgment and execution, buys in the land and obtains a sheriff's deed, a court of equity will set aside the sale on such facts being made to appear, on the ground of a fraudulent abuse of the process of the court.

2. WRITTEN INSTRUMENT—*parol evidence to vary.* A party can no more vary the terms of a written agreement by parol in a court of equity than in a court of law. Verbal understandings can not be proved for such purpose.

3. JUDGMENT IN ATTACHMENT—*sale of property—satisfaction.* Whatever may be the legal effect of a judgment in attachment on constructive notice, a sale of property thereunder, for only a portion of the debt, can not be treated as a satisfaction of the claim upon which the judgment is based, beyond the amount of the sale.

4. JURISDICTION—*in attachment.* An affidavit filed, a bond given, an attachment issued and levied, publication made and proof thereof, confer jurisdiction upon the court; and although the court may have erred in applying the law to the facts, still the judgment is not void.

5. EQUITY. Where a judgment is not void, but only erroneous, a court of equity will not set it aside, although it might be reversed on error. It is not the province of a court of equity to correct errors of courts of law.

6. SALE—*inadequacy of price.* Where there is no proof that a sheriff's sale was not conducted fairly, and the property sold had no definite market value, a court of equity will not set aside the sale, for inadequacy of price.

APPEAL from the Circuit Court of Whiteside county; the Hon. WILLIAM W. HEATON, Judge, presiding.

Messrs. DINSMOOR & STAGER, for the appellant.

Mr. C. J. JOHNSON, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court :

This was a bill in equity, exhibited in the Whiteside circuit court by Gibbons, against Bressler, to remove a cloud alleged to have been cast upon the title of the former to certain lands situate in that county, and described in the bill, by means of the sale thereof by the sheriff, upon a special execution issued on a judgment in a suit by foreign attachment, instituted by Bressler in that court against the estate of Gibbons, at which sale Bressler became the purchaser, and afterwards obtained a sheriff's deed, the judgment, as it is alleged, having been obtained by fraud. There was an answer filed by Bressler, denying all the allegations of fraud. Upon issues formed by replication, proofs were taken and the cause heard upon pleadings and proofs. The court below entered a decree dismissing the bill, from which an appeal was taken to this court.

The fraud alleged is predicated upon the non-existence of any indebtedness from Gibbons to Bressler at the time the attachment suit was commenced, and certain irregularities in the proceedings in the cause, and inadequacy of price at the sale.

We are satisfied, after a critical examination of this record, that the evidence fails to sustain the bill.

If it had been shown that Bressler had sued out the writ of attachment and had it levied upon Gibbons' lands by means of a false affidavit, and when he knew that he had no just claim of indebtedness against Gibbons, fraud would have been established, and a court of equity would interfere to undo what had been done under such proceedings, and prevent him who had perverted the process of the law to such fraudulent purposes, from reaping the fruits of his fraud.

Instead of the suit having been commenced without probable cause, or with knowledge of a want of any just claim, Bressler held against Gibbons the following instrument:

"On or before the 1st day of March, 1861, I promise to pay to the order of Peter Bressler $348, with interest at the rate of six per cent per annum, from date, according to the tenor and effect of the note which the county of Whiteside and State of Illinois holds against the said Peter Bressler, for swamp lands, or as much of said note as is secured by mortgage on a certain tract of land known and described as follows, to wit: the northwest quarter of section twenty-five (25), in town nineteen (19) north, range six (6), east of the 4th P. M., containing one hundred and sixty acres, being and lying in the said county of Whiteside and State of Illinois. The consideration of the note being to the effect that the said Bressler shall, as soon as may be, make and deliver to said Gibbons a quit-claim deed for the above described land.

JOSEPH GIBBONS."

Gibbons did not pretend to impeach this instrument for fraud, but sought, by his evidence, to vary its terms by a verbal understanding at the time it was made. This he can no more do in equity than at law.

The attachment suit in question was commenced on the 2d day of March, 1863. It appears that Bressler had, in October, 1862, obtained judgment by default in a former attachment suit upon this instrument, for $404.55, besides costs; that a special execution was issued, and the same lands, or a

portion of them, were sold and bid off by Bressler for $40.00, from which sale Gibbons redeemed.

Whatever may be the legal force and effect of a judgment by default, upon constructive notice, in a foreign attachment suit, it can not be maintained that the debt, on which the judgment was rendered, is discharged by the sale of the property attached for only a small portion of the amount found due by the judgment.

In the second suit, judgment by default was rendered on the 1st day of February, 1864, for $392.20. Special execution against the lands attached was issued, under which they were sold by the sheriff. Bressler was the purchaser, and the lands not having been redeemed within the fifteen months, he obtained the sheriff's deed. This suit was begun by a foreign attachment. An affidavit was filed in due time which appears in the files. That affidavit describes the indebtedness upon a judgment rendered at a specified term of the same court, in a suit by attachment, specifying the amount. Bressler's attorney obtained leave, before judgment, to file an amended affidavit. That does not appear in the files, nor does the bond, but the writ of attachment recites the giving of a bond. Extrinsic evidence was introduced that a bond was, in fact, filed before the writ issued, also that an amended affidavit was filed in pursuance of the leave given by the court. Notice of the pendency of the suit was published and proof of it made, in conformity to the statute. From what appears in the record, we do not hesitate to hold that the court acquired jurisdiction, and jurisdiction having been acquired, the judgment can not be held void, though the court may have proceeded irregularly or erred in its application of the law to the case before it.

At the time of instituting that suit, Bressler had a valid and subsisting claim of indebtedness against Gibbons for the amount remaining unsatisfied of the former judgment, or upon the instrument for the payment of money. Upon which of them his remedy should be based, it is not necessary to

8—61ST ILL.

decide, because the question is not what evidence he produced before the court in the second attachment suit, but whether he commenced that suit with knowledge that he had no subsisting claim of indebtedness so that fraud is imputable. We think he had a sufficient claim to protect him from that charge, and it is not sustained by the evidence.

The other points for having the judgment and proceedings under it held void, do not go to the jurisdiction of the court but constitute mere irregularities, many of which are captious and trivial. But if it be conceded that they amount to errors, for which the judgment would have been reversed on error brought, still they can afford no ground for relief in equity. Courts of equity do not sit for the correction of errors in causes at law. The court having obtained jurisdiction in the attachment suit, mere irregularities would not oust the jurisdiction and render the judgment void. In such case, the party aggrieved by such irregularities must apply for redress to the same court or resort to an appeal or writ of error. It is not the province of a court of equity to correct this.

Nor is the alleged inadequacy of price sufficient to set aside the sale. There is nothing in the record to show that the sale was not conducted fairly and judiciously. The lands were at that time swamp lands, and had no definite market value. *Greenup* v. *Stoker*, 12 Ill. 24.

No error being apparent in the record, the decree of the court below must be affirmed.

*Decree affirmed.*