CHICAGO WAIFS MISSION AND TRAINING SCHOOL ET AL.

v.

EXCELSIOR ELECTRIC COMPANY.

*Courts of Equity—Jurisdiction of.*

1.  A court of equity can not sit as a court for the correction of errors committed at law.

2. To afford relief where a party has been by mere accident deprived of an opportunity to set up a good and meritorious defense he had to an action, and a judgment has been rendered against him without any inattention or negligence on his part, is one of the recognized provinces of a court of equity.

3. A court of equity will never interfere with the judgment of a court of law upon the ground of error in the judgment of that court, or that the equity court, if it had decided the question, would have come to a different conclusion.

4. The ground upon which a court of equity interferes with the judgment of a court of law, is that the party has some defense against the claim which has occurred, or first come to his knowledge, since the trial in the court of law, whereby it would be a virtual fraud in the party recovering at law to now insist upon enforcing his judgment.

5. The jurisdiction of a court of equity does not extend to the granting of a new trial at law, or to the giving of an additional hearing in a court of chancery, because a party has by accident lost an opportunity to take an appeal from a judgment rendered by a court of superior jurisdiction, against him.

[Opinion filed May 31, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. O. H. HORTON, Judge, presiding.

Messrs. MOSES & PAM, for appellants.

Messrs. BAKER & GREELEY, for appellee.

WATERMAN, P. J. Appellants filed in the Circuit Court their bill to obtain relief from judgments rendered against them in the Superior Court. In the bill they set forth the nature of the preceding case and the proceedings upon the trial thereof, and pointed out various rulings of the trial court which they insisted were erroneous, and because of which they urged they intended to have perfected an appeal to this court from the judgment rendered against them; but which appeal, as well as the making of a bill of exceptions showing what occurred upon the trial, they were, it is insisted, by a mere accident prevented from perfecting. Such being the case, they claim that a court of equity will

afford them relief. The Circuit Court sustained a demurrer to the bill, and the complainants prosecute this appeal.

To afford relief where a party has been by mere accident deprived of an opportunity to set up a good and meritorious defense he had to an action, and a judgment has been rendered against him, without any inattention or negligence on his part, is one of the recognized provinces of a court of equity. Pomeroy's Eq. Juris., Sec. 836.

We are not aware that the jurisdiction of a court of equity has ever been extended to the granting of a new trial at law, or to the giving of an additional hearing in a court of chancery, because a party has by accident lost an opportunity to take an appeal from a judgment rendered by a court of superior jurisdiction, against him.

The bill in this case asks a court of equity to first find that the law court committed reversible error in the trial of the previous case. Manifestly, for a court of equity to do this, would be for it to sit as a court for the correction of errors committed at law. This it can not do. Gibbons v. Bressler, 61 Ill. 110; Emerson v. Udall, 13 Vt. 477–483.

A court of equity will never interfere with the judgment of a court at law upon the ground of error in the judgment of that court, or that the equity court, if it had decided the question, would have come to a different conclusion.

The ground upon which a court of equity interferes with the judgment of a court of law, is that the party has some defense against the claim, which has occurred, or first come to his knowledge, since the trial in the court of law, whereby it would be a virtual fraud in the party recovering at law, to now insist upon enforcing his judgment. Story's Eq. Juris., Sec. 1572; Smith v. Allen, 63 Ill. 474; Story's Eq. Juris., Secs. 894, 895, 896; Hendrickson v. Hinckley, 17 How. 443; Brown v. Hurd, 56 Ill. 317.

As stated by Lord Redesdale, " It is not sufficient to show that injustice has been done, but that it has been done under circumstances which authorize the court to interfere; because if a matter has already been investigated in a court of justice, according to the common and ordinary rules of inves-

tigation, a court of equity can not take on itself to enter into it again." Bateman v. Willoe, 1 Schoales & Lefroy, 201.

As was said in Excelsior Electric Co. v. Chicago Waifs Mission, 41 Ill. App. 111 :

"It is not only a natural equity, but a fundamental principle of law, that no person shall be condemned or be cast in litigation without having an opportunity to be heard. But having once been fairly and fully heard, the right to an appeal rests upon no natural equity, and that a party should have, by some misfortune, been deprived of an opportunity to take an appeal, is a matter entirely different from his having been deprived of an opportunity to be heard at all."

The maxim, "*Interest reipublicæ ut sit finis litium*," is applicable to the present case.

It has well been stated that "the truth is, that owing to the inattention of parties and several other causes, exact justice can seldom be done." The administration of justice partakes of the inherent infirmities of humanity. Man is an imperfect being, and he can only strive for, he never arrives at, perfection.

Appellants have had a fair hearing before a tribunal of general jurisdiction, and if by mere accident or mistake they have been deprived of an opportunity to make in that cause a complete record showing the entire proceedings at the trial, and thereby to present to this court what appellants deem to be errors of the trial court, they have been deprived of no natural right, nor been placed in a position which enables a court of equity to afford relief against the judgment of the court of law.

The decree of the Circuit Court will be affirmed.

*Decree affirmed.*