## Stirlen v. Neustadt.

1. PRACTICE—*Bill in Chancery—Verification.*—Where a bill was verified by the complainant swearing that he had "read the same and knows the contents thereof, and that the same is true of his own knowledge except as to the matters stated therein on information and belief, and as to those he believes it to be true," *it was held* that the verification was insufficient.

2. PRACTICE—*Bill in Chancery—Defective Verification—Nunc Pro Tunc Amendment.*—A bill in chancery was improperly verified. After an appeal had been taken to the Appellate Court, the complainant applied to the court below for leave to file an amended bill properly verified *nunc pro tunc* as of a date prior to the perfecting of the appeal, and also moved the Appellate Court for leave to file an additional record showing the order of the court below and amended bill. *It was held* that the defect could not be remedied in that way; the order appealed from

must stand or fall according to the record, as it was when the appeal was perfected.

3. PRACTICE—*Appellate Proceedings—Nunc Pro Tunc.*—Omissions in matters of form can be supplied *nunc pro tunc*, after appeal, in order to perfect the record, but a new case for consideration can not be made.

4. INJUNCTION—*Bonds Required by Statute.*—An injunction bond conditioned only for the payment of "all such costs and damages as shall be awarded  *  *  *  in case the said injunction be dissolved," is not such a bond as the statute requires to be given before an injunction issues to enjoin the collection of a judgment.

5. INJUNCTIONS—*Damages on Dissolution.*—The concluding paragraph of section 8, chapter 69, R. S., which provides for the awarding against the complainant of costs, and damages not exceeding ten per centum of the amount of the judgment, in case the injunction is dissolved, does not authorize the court to include in the assessment of damages upon such dissolution, the amount of the judgment restrained. The damages that can be awarded in such a proceeding are limited by the statute to ten per cent of the amount of the judgment.

**Memorandum.**—Bill for injunction.  Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding.  Heard in this court at the March term, 1893.  Reversed and remanded.  Opinion filed August 4, 1893.

The statement of the facts is contained in the opinion of the court.

SAMUEL B. KING, attorney for appellant.

NEWTON WYETH, attorney for appellee.

OPINION OF THE COURT, SHEPARD, J.

This appeal is from an order granting an injunction enjoining the collection of a judgment.  The bill was verified by the complainant, who swore that he had "read the same and knows the contents thereof, and that the same is true of his own knowledge, except as to the matters stated therein on information and belief, and as to those he believes it to be true."

That form of verification has been repeatedly condemned by this court.  Brabrook Tailoring Company v. Belding, 40 Ill. App. 326, and cases there cited.

We are aware of no recognized precedent that sanctions

such a form of verification.   3 Daniell's Ch. Pl. and Pr.
2171; 1 Barbour's Ch. Pr. 44; Puterbaugh's Ch. Pl. and Pr.
(3d Ed.) 490.

What matters there may be in the bill that are stated on
information and belief can only be known by probing the
mind of the pleader; but matters that are stated to be on
information and belief, can be ascertained by reference to
the bill.

The appellee has undertaken to cure the defect by filing in
the Superior Court, by leave of that court, an amended bill
properly verified, *nunc pro tunc*, as of a date prior to the
perfecting of the appeal to this court; and has moved this
court for leave to file here an additional record showing
that order and said amended bill.   The defect can not be
remedied in that way; the order appealed from must stand
or fall according to the record as it was when the appeal
was perfected.    L. S. & M. S. Ry. Co. v. C. & W. I. Ry.
Co., 100 Ill. 21.

It may be that omissions in matters of form can be sup-
plied *nunc pro tunc*, after appeal, in order to perfect the
record, but a new case can not be made.

There is another reason why the order appealed from
must be reversed.

Sec. 8, Ch. 69, R. S., entitled injunctions, requires that
before an injunction shall issue to enjoin a judgment, the
complainant shall give a bond with surety, "conditioned
for the payment of all moneys and costs due to the plaintiff
in the judgment, and such damages as may be awarded
against the complainant in case the injunction is dissolved."

The bond so required is for payment of the judgment, *i. e.*,
"all moneys and costs due to the plaintiff in the judgment,"
as well as for all damages which may be awarded in case of
a dissolution of the injunction.

The bond that was given is conditioned for the payment
only of "all such costs and damages as shall be awarded
* * * in case the said injunction be dissolved." It contains
no condition for the payment of the judgment, and therefore
is not such a bond as the statute requires shall be given

before an injunction shall issue to enjoin the collection of a judgment.

The concluding paragraph of said section eight, which provides for the awarding against the complainant of costs, and damages not exceeding ten per centum of the amount of the judgment, in case the injunction be dissolved, does not authorize the court to include in the assessment of damages upon the dissolution of the injunction, the amount of the judgment restrained. The damages that can be awarded in such a proceeding are limited by the statute to ten per cent of the amount of the judgment. Roberts v. Fahs, 36 Ill. 268; Joslyn v. Dickerson, 71 Ill. 25; Camp v. Bryan, 84 Ill. 250.

We will not discuss the point argued as to whether the bill states a case for equitable relief.

The motion for leave to file the additional record is denied, and the order of injunction is reversed and the cause remanded.