## Northern Electric Railway Co. v. Chicago, Milwaukee and St. Paul Ry. Co.

1. PLEADING—*Conclusions Insufficient.*—An averment which is a mere conclusion, is insufficient. The real facts as they exist should be set out so that the court may determine whether they justify the conclusion.

2. INJUNCTIONS—*When Improvident.*—Under the facts and circumstances set out in the opinion, the court holds the injunction to have been improvidently granted.

**Memorandum.**—Order granting an injunction. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term. 1894. Reversed and remanded. Opinion filed January 28, 1895.

APPELLANT'S BRIEF, McMURDY & JOB, ATTORNEYS.

Where the fee of the street is in the city, an adjoining property owner can not maintain injunction, because he has not been settled with for the damages which he will suffer by reason of the location of a railway in a public street in front of his property. Parlin v. Mills, 11 Ill. App. 402; Railway Co. v. Schertz, 84 Ill. 138; Mills v. Parlin, 106 Ill. 63; Stetson v. Railroad Co., 75 Ill. 75; Penn. Mut. Life v. Heiss, 141 Ill. 58; Vanderpoel v. W. & S. T. Ry., 26 Chicago Legal News 238.

If the complainant can show that the construction and maintenance of the tracks in front of his premises will result in special injury to him, not a mere injury which he will sustain in common with the public at large, his remedy will be at law for the special damage, and not by injunction. Lorie v. N. C. C. R. Co., 32 Fed. Rep. 270.

An injunction, being a harsh remedy, will not be granted in the first instance except upon a clear *prima facie* case and upon positive averments of the equities on which the application for the relief is based. And while it is not essential that complainant should establish his case upon an application for an interlocutory injunction with the same degree

410    APPELLATE COURTS OF ILLINOIS.

VOL. 57.] Northern Electric Ry. Co. v. C., M. & St. P. Ry. Co.

of certainty that would be required upon the final hearing; he must nevertheless allege positively the facts constituting his grounds for relief. Thus, it is well established that the mere allegation of irreparable injury will not suffice to warrant an injunction, but the facts must appear on which the allegation is predicated in order that the court may be satisfied as to the nature of the injury. Nor will merely argumentative allegations, or inference from the facts stated, suffice to meet the requirements of the rule. High on Injunctions, Sec. 34.

APPELLEE'S BRIEF, EDWIN WALKER AND BURTON HANSON, ATTORNEYS.

It will not be denied that a court of equity has jurisdiction to restrain existing or threatened public nuisances, by injunction, at the suit of the attorney general or of the State, or some proper officer representing the commonwealth; nor can it be denied that the unauthorized and illegal interruption of the free use of Central avenue by street car tracks, poles and wires for a trolley system, without legal authority, is an interference with the free public use of such street and a public nuisance. Attorney General v. Eau Claire, 37 Wis. 400; Rochester v. Erickson, 46 Barb. (N. Y.) 92; Pennsylvania v. Wheeling, etc., Bridge Co., 13 How. (U. S.) 518.

An injunction will be granted at the suit of adjacent property owners sustaining an especial and peculiar injury, to restrain the laying of a street railway through streets in front of their premises, without legal authority from the common council of the city. High on Injunctions, Sec. 589; Wetmore v. Story, 22 Barb. 414; S. C., 3 Ab. Pr. 262.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is an appeal from an interlocutory order, granting an injunction. In its bill the appellee alleges that it owns and is in possession of about six hundred feet frontage on each side of a street called Central avenue in Chicago. That on a portion of said street, less than one mile in length, the appellant is about to construct a line of street railway, which will greatly damage the appellee by its effect upon the use

of the property referred to. That the appellant claims the right to construct, under an .ordinance set out in the bill, and that " a petition of the owners of the land representing more than one half of the frontage of said Central avenue, described in said ordinance, or so much thereof as is sought to be used for railroad purposes, was not at the time of the passage of said ordinance or prior to said passage, or at any other time, presented to the city council of the city of Chicago, requesting said council of the city of Chicago to grant the defendant the right to lay down its railroad track along said street, or so much thereof as is described in said ordinance."

Under such an averment what does the appellee propose to question? The fact of ownership by the signers of some petition, the quantity of land, whether more than one-half or.not, which they represented, the manner of presentation of the petition to the common council, or the form of the petition? The averment is of a mere conclusion. The real facts, as they actually are, should be set out, that the court may see whether they justify such a conclusion.

Without reference to the insufficient verification of the bill, which is the only proof of it, and is like those often condemned in this court (Stirlen v. Neustadt, 50 Ill. App. 378), and without any discussion of the general question of whether a court of equity ought, or ought not, to interfere with a contemplated use of a street under the authority of the common council, we hold the order appealed from improvident, and it is reversed, and the cause remanded, with directions to the Circuit Court to dissolve the injunction.