## Jonas Spraker v. Walter Bartlett, J. Q. Snedeker and J. W. Lewis.

COLLATERAL ATTACK—*Res Adjudicata.*—A court of equity will not interfere by injunction to grant relief against a judgment at law for causes which were available as a defense to the action in which such judgment was rendered and for which the party has had his day in court.

**Bill for an Injunction.** Appeal from the Circuit Court of Clark County; the Hon. HENRY VAN SELLAR, Judge, presiding. Heard in this court at the November term, 1897. Affirmed. Opinion filed February 9, 1898.

S. S. WHITEHEAD, attorney for appellant.

GRAHAM & TIBBS, solicitors for appellees; R. E. HAMILL, T. J. GOLDEN, of counsel.

MR. JUSTICE GLENN DELIVERED THE OPINION OF THE COURT.

This is an appeal from an order of the Circuit Court of Clark County, sustaining a demurrer to, and dismissing a bill for an injunction to restrain John W. Lewis, sheriff of Clark County, from selling appellant's land, levied upon by a certain execution issued on a decree entered on the twenty-ninth day of April, 1896, in the Circuit Court of Clark County in the case of F. B. Ennis et al. v. The Farmers' Mercantile Association et al. for the sum of $621.76 in favor of Walter Bartlett, receiver, and against appellant, and to restrain J. Q. Snedeker, clerk of the Circuit Court, from issuing any further execution on such decree, and to restrain Walter Bartlett, receiver, from taking any further steps to collect any part of the money decreed in his favor until the further order of this court.

It appears from the averments in appellant's bill for an injunction that appellee Walter Bartlett claims to

have been appointed receiver for the Farmers' Mercantile Association in the case of F. B. Ennis et al. v. The Farmers' Mercantile Association et al., with whom appellant was impleaded, which was a proceeding instituted in the Clark County Circuit Court, under Chapter 32, Section 25 of the Revised Statutes, to wind up the business of this corporation. It further appears that in this proceeding appellant was found to be indebted to the corporation in the sum of $621.76. An execution was issued on this decree and it is this execution he asks to have the sheriff restrained from proceeding under.

He asserts in his bill that Walter Bartlett falsely claims to be receiver, that he did not give a bond as such receiver, and that he is a man of limited means. He avers that the corporation and the stockholders were not made parties, that they were not served with process, and did not enter their appearance, as the proceedings in such cause will show, without setting out such proceeding by any proper averments or making the record of proceedings a part of his bill. All of these objections, if a defense, could have been urged in the case in which the decree was entered, and from aught that appears in appellant's bill they were presented and urged as a defense upon the hearing. He should have brought forward and urged all objections he had or then existed to this decree at that time. If he were not satisfied with this decree, he should have taken an appeal or prosecuted a writ of error. He can not attack in a collateral proceeding like this. He has had his day in court and can not now be allowed to complain.

This case falls within the rule of *res adjudicata*. That principle embraces not only what was actually determined in the former case, but also extends to any other matter properly involved, and which might have

been raised and determined in it. Rogers v. Higgins, 57 Ill. 244; Stockton v. Ford, 18 How. U. S. 418.

The decree of the Circuit Court will be affirmed.