### Emma E. Allen v. Continental Insurance Co.

1. JUDGMENTS—*When Equity Will Not Interfere with the Enforcement of.*—Equity will not interfere with the enforcement of a judgment at law unless the judgment debtor could not have availed himself of his defense at law, or was prevented from doing so by the fraud of the opposite party, or by accident or mistake, unmixed with fault or negligence of his own.

2. INJUNCTIONS—*Against Judgments in the Absence of Fraud in the Opposite Party.*—In the absence of fraud or deception by the opposite party, an injunction will rarely be allowed against a judgment which the party complaining has suffered to be entered against by default.

3. NEGLIGENCE—*In Permitting a Judgment to Go Against Him by Default.*—Where a party has negligently permitted a judgment to be entered against him by default, such negligence is sufficient to prevent him from obtaining the aid of an injunction to restrain its enforcement.

**Injunction,** to restrain the collection of a judgment at law. Error to the Circuit Court of St. Clair County; the Hon. MARTIN W. SCHAEFER, Judge, presiding. Heard in this court at the August term, 1900. Reversed and remanded with directions. Opinion filed March 11, 1901. Rehearing denied.

MESSICK, MOYERS & CROW, attorneys for plaintiff in error.

TURNER & HOLDER, attorneys for defendant in error.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was a proceeding by bill in chancery, by defendant in error against plaintiff in error, in the Circuit Court of St. Clair County, to enjoin the collection of a judgment at law, which, prior to the filing of the bill, plaintiff in error had obtained in said court against defendant in error.

The bill, in substance, charges that defendant in error, being authorized to do business in the State of Rhode Island, did in May, 1897, issue an insurance policy to plaintiff in error in the sum of not to exceed $2,200 on property located in Cranston, R. I., said insurance being distributed as follows: $1,750 on dwelling house, $250 on household furniture, $150 on private barn, $100 on wagons, carriages, etc., contained in said barn; other insurance permitted. Payable, in case of loss, to Richard W. Andrews, of Fiskville, R. I., mortgagee, as his interest might appear. That afterward, to wit, in August, 1897, the interest of the said Richard W. Andrews, as mortgagee, became and was transferred to Citizens Savings Bank, of Providence, R. I., and the said policy of insurance changed so as to make the loss payable accordingly. Among other terms and conditions, the policy provides that, if fire occur, the insured shall give immediate notice of any loss thereby in writing to the company, and within sixty days render a sworn statement to the company, stating the cash value of each item and the amount of loss claimed thereon; that in September, 1897, said building and a part of its contents were consumed by fire; that plaintiff in error did not immediately, or at any time thereafter, give notice in writing to the company, and did not within sixty days make proof of loss; that the company never has waived such notice and proof of loss, and has never authorized any person or persons so to do; that there was at the date of the fire another insurance policy for the same amounts and upon the same property, issued by the Queen Insurance Company to plaintiff in error, loss payable to said Citizens Savings Bank, as mortgagee; that after the fire an adjustment was made and agreed upon by and between the Queen Insurance Company, defendant in error, and the mortgagee, and that defendant in error prior to September 17, 1898, paid the amount in full of the loss required of it by the terms and conditions of its policy, to said mortgagee, the Citizens Savings Bank; that on September 17, 1898, plaintiff in error, by George A. Crow, her attorney, commenced suit against defendant in

error in the Circuit Court of St. Clair County, Illinois, by
filing with the clerk thereof a præcipe for summons, claim-
ing damages in the sum of $2,250; thereupon service was
had upon defendant in error requiring it to appear on the
second Monday of January, 1899; that it caused inquiry to
be immediately made as to the nature of said suit, and
learned that no declaration had been filed; that it caused
inquiry to be made at the office of the clerk of said St.
Clair County Circuit Court, repeatedly, in September,
October and December, 1898, and up to January 7, 1899,
when it was informed that no declaration had been filed,
and that the time for filing same had expired and the suit
would have to fall; that under the laws of Illinois, regu-
lating practice in courts of record, a declaration must be
filed by plaintiff at least ten days prior to the first day of
the term of a court to which suit has been brought, other-
wise the suit would be dismissed.    Defendant in error was
further informed that in suits brought upon an instrument
in writing it was also a requisite under the practice in Illi-
nois to file with the declaration a copy of such written
instrument sued upon; that it was wholly ignorant of the
provisions of the practice act permitting declarations to be
filed on or before ten days prior to the first day of the
term of court next preceding the term to which the suit is
brought; that after it had learned from its agent the status
of the suit, being deceived by the information so received,
and wholly and entirely ignorant of the fact (law) that
said suit might be continued and a declaration filed therein
to the next subsequent term of court, and understanding
that the case was to be dismissed, it gave the matter no fur-
ther attention until about the 30th day of June, 1899, when it
was notified by the sheriff of St. Clair county that he held an
execution in favor of plaintiff in error against defendant
in error for the sum of $416.25 and costs of suit, when upon
investigation it found that said suit which defendant in error
believed to have been dismissed, had been continued to
the April term, default taken and judgment rendered against
defendant in error; that the plaintiff in error falsely and

fraudulently alleged in her declaration that said policy of insurance issued by defendant in error covered household furniture to the extent of $500; that in excuse of her failure to file copy of said insurance policy she falsely and fraudulently alleged that she could not file a copy of the policy sued on because the original policy was, without her consent and connivance, in possession of defendant in error; that plaintiff in error well knew that the two charges of her declaration above set out were false and fraudulent; that in making proof of the amount alleged to be due before the court without a jury, she produced upon the stand one T. E. Allen, who testified that he was the husband of plaintiff in error and had, as her agent, transacted the business of insuring her property with defendant in error, and that the policy covered the household furniture to the extent of $500; that the said T. E. Allen produced and offered in evidence a paper purporting to be signed by plaintiff in error, Queen Insurance Company, Continental Insurance Company and Western Assurance Company, and testified that said paper was an agreement arrived at by and between the parties purporting to sign the same; that the said Queen Insurance Company had paid to plaintiff in error in settlement of its share of the loss, $266; that the policy in the Western Assurance Company covered the sum of $1,500 on household furniture, and the policy in defendant in error company the sum of $500; that defendant in error never authorized the signing of such agreement; that the plaintiff in error was not at the time of the judgment a resident of St. Clair county; that at the time of the fire she was a resident of Rhode Island; that it is informed and believed that she was not, at the date of the commencement of said suit, a resident of St. Clair county and was not legally authorized to bring said suit in said county even if she had been in possession of the policy and the loss therein provided for had been made payable to her; that it did not owe when said suit was commenced, and does not now owe to plaintiff in error anything under the terms of the policy; that it never became liable to her or

her assigns in a greater sum than $250 on account of house-
hold furniture; that plaintiff in error is insolvent and has
no property out of which defendant in error could recover
the judgment and costs or any portion thereof; that plaintiff
in error has caused an execution to be issued on said judg-
ment and placed the same in the hands of the sheriff of St.
Clair county, Illinois; that said sheriff has demanded payment
of same and unless restrained will proceed to take the prop-
erty of defendant in error in satisfaction thereof. The bill
concludes with a prayer for a writ of temporary injunction
restraining the taking of any further steps to collect said
judgment, and that upon final hearing the injunction be made
perpetual; that in case the court shall hold that plaintiff
in error had a legal right to maintain her said action
against defendant in error, that said judgment be set aside
and an order entered permitting it to plead to her supposed
cause of action and to have a full and fair hearing in said
cause; concluding with prayer for general relief.

Upon the filing of the foregoing bill a temporary in-
junction was granted, restraining the collection of the
judgment excepting the sum of $203.12, with legal interest
thereon from April 17, 1899, and the costs of said suit. At
the following term of court, plaintiff in error filed a motion
to dissolve the injunction upon the grounds that the bill
does not state a case sufficient to warrant the issuance of
the injunction. As counsel for defendant in error say,
"In other words, the plaintiff in error demurred to the
bill." The court denied the motion and plaintiff in error
elected to stand by it. The bill was taken as confessed and
the injunction made perpetual.

The only question involved in this record is, does the bill
state a case sufficient to warrant the issuance of the in-
junction. It is true that courts of equity have jurisdiction
to stay proceedings at law after judgment recovered, but a
bill seeking relief of this nature should be carefully scruti-
nized. There are but few grounds sufficient to warrant a
court of equity in interfering with a judgment of a court
of law.

"It will not suffice to show that injustice has been done by the judgment against which relief is sought, but it must also appear that the result was not caused by any inattention or negligence on the part of the person aggrieved; and he must show a clear case of diligence to entitle himself to an injunction." High on Injunctions, Third Edition, Section 113.

In Bardonski v. Bardonkski, 144 Ill. 284, it is said:

"It is well settled that equity will not interfere with the enforcement of a judgment at law, unless the judgment debtor could not have availed himself of his defense at law, or was prevented from so doing by the fraud of the opposite party, or by accident or mistake unmixed with fault or negligence on his own part."

The mistake or negligence of a party's attorney or agent is the party's own mistake or his own negligence and can not be relieved against in a proceeding of this character. Fuller v. Little, 69 Ill. 229.

"In the absence of fraud or deception (by the opposite party) an injunction will rarely be allowed against a judgment which complainant has suffered to go against him by default. And where one has negligently permitted judgment to go against him by default, such negligence is sufficient to prevent him from obtaining the aid of an injunction against the judgment. Indeed, in a case of default, a court of equity may refuse to consider the merits of the case any further than the question of complainant's negligence in not asserting his rights at law, and no sufficient excuse appearing for his having neglected to defend at law, the injunction will be refused." High on Injunction, Third Edition, Section 277.

Tested by the rules and requirements laid down in the authorities cited and quoted from, which in our opinion correctly state the law applicable to this case, the bill clearly fails to state a case sufficient to warrant the issuance of the injunction. As was, in substance, said in Bardonski v. Bardonski, above cited, the law gave defendant in error its day in court, with the privilege of making its defense, and it can not now invoke the aid of a court of equity to relieve it from the consequences of its own negligence. If it was mistaken as to the law, the law can afford it no relief, for

all are presumed to know the law.   If it was mistaken as to the facts, it was not the result of fraud or deception on the part of plaintiff in error.   The decree of the Circuit Court is reversed and the cause remanded, with directions to the Circuit Court to enter a decree dissolving the injunction and dismissing the bill at costs of defendant in error.

Reversed and remanded with directions.