# Ferdinand Ebann, Appellee, v. James A. Brown et al., Appellants.

## Gen. No. 14,376.

1. PRACTICE—*effect of omission in jurat.* The omission to insert in the *jurat* the date on which the affidavit attached to a bill for injunction was sworn to, is not material; the presumption will be indulged that the oath was administered upon the day the bill was filed.

2. INJUNCTION—*what essential to issuance of, without notice.* In order to justify the issuance of an injunction without notice, either the bill or an accompanying affidavit must set forth facts which would tend to show that undue prejudice would result to the complainant if the injunction were not issued without notice; conclusions upon undisclosed facts will not satisfy the statutory requirements in this respect.

3. INJUNCTION—*when lies to restrain collection of judgment.* Held, that the bill of complaint in this case set forth sufficient facts showing that the judgment in question was obtained by fraud to entitle a court of equity to restrain its collection by injunction issued without notice.

4. INJUNCTION—*when bond given upon issuance of, insufficient.* A bond given upon the issuance of an injunction restraining the collection of a judgment is insufficient which does not comply with the statute which provides that such a bond shall be "in double the amount of such judgment," etc.

Bill for injunction. Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in this court at the October term, 1907. Reversed. Opinion filed February 27, 1908.

A. W. MARTIN and EDWARD H. S. MARTIN, for appellants.

PARKER & RIGHEIMER, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This is an appeal from an interlocutory injunctional order entered by the Superior Court restraining the collection of a judgment at law, without notice.

The complainant Ebann filed his bill for an injunction to restrain the defendants from proceeding to collect a judgment obtained by the defendant, James A. Brown, against appellee in the County Court of Cook County for the sum of $376.50 on the 20th day of December, 1907. The defendant, Christopher Strassheim, as sheriff of Cook county, is restrained from levying an execution issued upon said judgment upon the property of appellee. The bill was verified and the injunction issued as prayed without notice to the defendants, or either of them. Appellee gave an injunction bond in the penalty of $800. The condition of the bond is that the obligors, complainant and his surety, "shall and do well and truly pay or cause to be paid to the said James A. Brown and Christopher Strassheim, Sheriff, etc.,    *    *    *    all such costs and damages as shall be awarded to any or more of said defendants jointly or severally against the said complainant in case the said injunction shall be dissolved, then the above obligation to be void."

The bill avers *inter alia* that the suit in which judgment was rendered was without any foundation; that complainant was not indebted to defendant Brown in any sum of money upon any account whatever; that Brown admitted to complainant that his pretended claim in suit was groundless; that he had no claim or cause of action against him; that it was started in anger, and that he did not intend to prosecute it, and would cause it to be dismissed, and that he need pay no further attention to it. At this time complainant had retained counsel and interposed his pleading in defense of the action; that trusting and relying on Brown's promise not to further prosecute the action, but to cause it to be dismissed, he discharged his lawyer and paid no further attention to defending the suit; that Brown, disregarding his promises, without notice to complainant, surreptitiously and without his knowledge, proceeded to trial in complainant's absence and procured the verdict of a jury for $376.50 and judgment to be entered on such verdict on the last day of the term of the County Court, and that complainant did not

ascertain or know of any of the proceedings leading up to said judgment or its entry until after the lapse of the term of court at which it was entered, and until it was too late to move to set aside said proceedings and judgment; that the judgment was obtained by false and fraudulent evidence; that the first knowledge appellee had of the judgment was on January 21, 1908, when a demand was made upon him by the sheriff for payment of the amount of the execution issued upon the judgment; that the sheriff was threatening to levy the execution so obtained upon the personal property, machinery, tools, etc., used by complainant in the conduct of a garage and machine shop, and sell the same to satisfy the amount due upon said judgment, and also threatened to levy the execution upon and sell his real estate for the same purpose unless complainant paid the said judgment with costs.     Complainant filed two affidavits in support of the averments of his bill.     Complainant's affidavit to his bill stated as a reason for the granting of the injunction without notice, that "he is advised and informed and so states the fact to be, that his rights as complainant will be unduly prejudiced if the injunction is not issued immediately and without notice to the defendants, etc."     The *jurat* of the notary administering the oath, is "Subscribed and sworn to before me this —— day of January, A. D. 1908."     The bill is indorsed filed January 27, 1908.

While we are not called upon at this time to decide the merits of this cause or to adjudicate the ultimate rights of the parties, we are inclined to the opinion that the averments of the bill stated a *prima facie* case entitling complainant to the temporary restraining order prayed.     The omission to insert in the *jurat* the day on which the affidavit was sworn to before the notary, we regard as immaterial.     The fact remains that it was sworn to by the affiant as the *jurat* clearly indicates, and lacking as it does a statement of the exact day of the month of January when the oath was administered, it may be treated as having been sworn to on the day the bill was filed.     This was in ample time to authorize the chancellor to grant the injunction prayed for in the bill,

if in other respects the action of the chancellor in awarding an injunction were not erroneous.

The facts which would tend unduly to prejudice a complainant in his rights if the injunction prayed be not issued without notice, must appear either by facts stated in the bill or by an affidavit accompanying it. Conclusions upon undisclosed facts will not satisfy the statutory requirement in this regard. But by reference to the bill, sufficiently verified, we find facts rendering an immediate injunctional order imperative to prevent complainant's rights from being unduly prejudiced. The execution was in the hands of the sheriff. That officer had demanded payment and was threatening to levy immediately upon the personal property of complainant in use by him in his business. Nothing but payment of the judgment or an injunctional order arresting the levying of the execution could avail to save the seizure of complainant's property and the temporary suspension of his business. If the judgment was fraudulently obtained, it would be inequitable to require its payment. We think the facts stated in the bill, if true—and they must, for the purpose of granting the injunction order, be assumed and taken by the chancellor to be true—justified the chancellor's granting the injunctional order without notice. Suburban Construction Co. v. Naugle, 70 Ill. App., 384.

The bond accepted by the chancellor is not a compliance with the statute. Section 8, chapter 69, is in part as follows:

"Before an injunction shall issue to enjoin a judgment, the complainant shall give bond to the plaintiff therein, in double the amount of such judgment, with sufficient surety * * * for the payment of all moneys and costs due to the plaintiff in the judgment, and such damages as may be awarded against the complainant in case the injunction is dissolved." The statute must be strictly complied with. It leaves no discretion to the chancellor to fix the condition or penalty of the bond variant from that directed by the statute. Such bond is the foundation upon which the right to obtain the injunction rests. Failing to have such support, it cannot be allowed to remain in force. The decisions

are uniform to this effect. The last expression on this subject by this court is found in Williams v. Harper, 127 Ill. App., 619. We there said:

"The injunctional order restrains defendants from issuing an execution on their judgment in Justice Martin's court against Tichy. The injunction bond should have been conditioned for the payment of all moneys and costs due defendants in the judgment in compliance with section 8, chapter 69, R. S. The failure so to do is reversible error. This case falls within the rule announced in Stirlen v. Neustadt, 50 Ill. App., 378. The bond here, as in Stirlen v. Neustadt, *supra,* is conditioned only for the payment 'of all such costs and damages as shall be awarded    *    *    * in case said injunction is dissolved.' This is not in accord with the demand of the statute and is consequently insufficient." Packer v. Roberts, 44 *ibid.,* 232; Am. Fine Arts Co. v. Voigt, 103 *ibid.,* 659; Grossman v. Davis, 117 *ibid.,* 354.

For the failure to file bond as required by statute, the order of the Superior Court granting an injunction is reversed.

*Reversed.*