The Central Stock & Grain Exchange, Appellant, v. The Pine Tree Lumber Company, a corporation, Appellee.

Gen. No. 13,866.

1. INJUNCTION—*when does not lie to restrain collection of judgment.* · An injunction will not be granted restraining the collection of a judgment at law where it appears that the relief sought by the bill could have been obtained from the trial judge in the action at law.

2. INJUNCTIONS—*appropriate form of bond upon restraining collection of.* A bond given upon the granting of an injunction restraining the collection of a judgment should be conditioned for the payment of the judgment entered and costs.

3. JUDGMENT—*when equity will not relieve against.* A court of equity will not grant relief from a judgment at law merely because of errors which have intervened in the progress of the cause which resulted in the judgment.

4. JUDGMENT—*who cannot question propriety of, in favor of dissolved corporation.* A garnishee seeking by bill in equity to obtain relief from a judgment in attachment cannot complain that the judgment was rendered in favor of a corporation which had been legally dissolved more than two years prior to the institution of the suit in which such judgment was rendered.

5. LACHES—*when sufficient to bar relief against judgment at law.* A delay of two years will bar relief from a judgment at law where such delay resulted from the belief of the defendant to the judgment that he was immune from the collection thereof.

6. CORPORATIONS—*within what time may institute actions after dissolution.* Corporations are allowed two years after their legal dissolution to institute actions upon claims in their favor.

Bill for injunction. Appeal from the Superior Court of Cook county; the Hon. WILLARD M. McEWEN, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed April 6, 1908.

KERN & BROWN and O'BRYAN & MARSHALL, for appellant.

FRED H. ATWOOD, FRANK B. PEASE and CHARLES O. LOUCKS, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

Complainant filed its bill of complaint to enjoin the collection of a judgment at law entered in the Circuit Court of Cook county in favor of the defendant, which judgment on writ of error in case general number 13752 has been affirmed by an opinion handed down herewith, to which opinion we refer for the facts without here again repeating them. (*Ante,* p. 462.)

In the common law case we have determined that the affidavit and publication notice were sufficient in matter and form, as also the certification of the publication of the notice, to clothe the court with jurisdiction to render judgment against the defendant A. E. Stichtenoth, and that the traverse of the answer of complainant as garnishee did not require any verification; that notice to complainant of its filing was unnecessary, that being a pleading of which the law required it to take notice, such notice being imputable to it; and that the judgment in every respect was in due form, conforming to legal precedent in like cases.

A court of equity does not sit in review of judgments at law. It only gives relief in extreme cases, such as where a judgment is obtained by fraudulent means, or some part of it is so unconscionable that it would be tantamount to a fraud in the plaintiff to insist on its enforcement. The record shows that the counsel for complainant had knowledge of the trial and of the entry of the judgment immediately after the judgment was entered; that they knew the case was on the call of the trial judge the day of the trial, and that they attended court watching the progress of the call; that after the judgment was entered, and before plaintiff's counsel

had left the bar of the court, counsel for complainant on coming into the court room was informed as to what had taken place and of the fact that a judgment had been rendered against their client, whereupon they interviewed the trial judge, presumably in his chambers, in relation to the happenings in the cause, and yet took no steps seeking to set aside the judgment; neither did they make a motion for a new trial or in arrest of judgment, or pray an appeal. In no way did they call in question the regularity of the actions of the trial court or dispute the verities of the judgment. No bill of exceptions was tendered to preserve the evidential facts upon which the court and jury acted in arriving at the conclusion reached by them.

Complainant, if it had acted promptly and in accord with practice and precedent, could have obtained from the trial court as ample relief as a court of equity could afford. In other words, the relief sought by the bill could have been obtained from the trial judge if application had been made to him in apt time and sufficient facts warranting the granting of such relief made to appear to that tribunal.

The cases of Chicago Waifs Mission v. Excelsior Electric Co., 44 Ill. App. 425; Gibbons v. Bressler, 61 Ill. 110; Parker v. Singer Co., 9 Ill. App. 386; Calman v. Stuckart, 70 *ibid.* 310; Sumner v. Village of Milford, 214 Ill. 388, and Young v. Deneen, 280 *ibid.* 350, are all instructive on the refusal of courts of equity to review the judgments of courts of law, where errors claimed to exist might be remedied by appeal or writ of error. Courts of equity will never review the judgments of a common law court where a party applying to it for relief has failed, when the opportunity was within reach, to make and argue a motion for a new trial. It is of the essence of equity jurisdiction that when the common law courts have once been appealed to, the remedy there obtainable must be exhausted before a court of conscience will assume jurisdiction to grant relief which the common law courts have jurisdiction

to afford if invoked so to do.   By section 24, chapter 62, R. S., the court is given equitable powers in relation to the rights of parties involved in property the subject of garnishee proceedings.   Allen v. Continental Ins. Co., 97 Ill. App. 164; Lewis v. Firemen's Ins. Co., 67 *ibid.* 195; Allen v. Smith, 72 Ill. 331; Smith v. Powell, 50 *ibid.* 21; Spraker v. Bartlett, 73 Ill. App. 522; Richardson v. Prevo, 1 Breese, 216.

The common law court, in virtue of the power thus invested by the statute, could have afforded complainant all the equitable relief obtainable from a court of equity in the exercise of its general equitable powers, if it had been moved so to do in apt time.

Waiving all other questions in the case, an examination of the proofs conclusively demonstrates that complainant has no standing in a court of equity justifying that court in relieving it from the obligation imposed by the verities of the judgment obtained at law, or in interposing its arm to stay its enforcement.

A court of equity will grant relief against a judgment at law where such judgment has been procured through fraud, mistake, or by accident.   To these three grounds relief in equity is limited.   No aid will be extended merely for errors intervening in the progress of the cause or entry of the judgment. W. C. St. Ry. Co. v. Stoltzenfeld, 100 Ill. App. 142; Calman v. Stuckart, 70 *ibid.* 310; Gibbons v. Bressler, 61 Ill. 110; Palmer v. Bethard, 66 *ibid.* 529; Ames v. Snider, 55 *ibid.* 498.

The record indisputably shows the following facts: That complainant was served with process in the attachment proceeding in aid of the *assumpsit* suit against A. E. Stichtenoth as garnishee; that in response to such service it appeared by counsel; that complainant subsequently appeared and answered the interrogatories propounded to it by plaintiff; that while complainant was not entitled to receive notice of the filing of the traverse to its answer as garnishee, yet it satisfactorily appears from the proofs that it had actual knowledge of the filing, and thereafter not only knew

that issue had thus been joined upon its answer, but acted in accord with such condition. The failure to file the traverse to the answer at an earlier time is readily apparent. The litigation in the Federal court between Stichtenoth and complainant injected an element of uncertainty as to whether or not complainant was indebted to Stichtenoth. When that question was determined and the amount fixed by the judgment of the Federal Court, plaintiff was thereby apprised of the amount of the indebtedness, and could with certainty and intelligently have interposed its traverse to complainant's answer as garnishee. An attachment suit of the Merchants' National Bank of Cincinnati pending at the time of the filing of the answer, in which complainant had also been served as a garnishee, had in the meantime been disposed of, leaving the plaintiff alone in its claim against complainant for moneys due from it to Stichtenoth. Pending these delays depositions of some magnitude had been taken, in which complainant was represented by counsel. On September 22, 1902, by the stipulation of the parties, complainant's then and present attorneys signing the stipulation for it, the common law cause was continued. The cause was again placed upon the trial calendar on notice to complainant's attorneys, and as we have heretofore stated, they had actual notice of the case being on the call the day it was tried and judgment entered, both before and after the conclusion of the proceedings. Yet, knowing of the finality of such proceedings, no effort was made in behalf of complainant to disturb them. Counsel have argued that the delay of some three years subsequent to the filing of the answer to the interrrogatories propounded to it as garnishee, before the traverse to such answer was filed, operated as an abandonment of the cause as to the garnishee, and that complainant had a right so to regard such long-continued delay, at least until service of notice that such traverse had been filed. We do not feel called upon to decide what would be the effect of such long-continued delay in a case

where a party did not have actual notice of the filing of a traverse before proceeding to trial. It is sufficient to say that such question cannot arise here, because complainant had actual notice, both before and after the trial of the issues found in the cause on the traverse, so that whatever defect there may have been in such procedure, it was within the power of the trial judge to supply a corrective if moved so to do.

The reason why steps were not taken to avoid the judgment against complainant as garnishee until the filing of the bill in this case, is perfectly plain from this record. Complainant, by its own action, ceased to have any corporate existence after June 4, 1902. On July 7, 1905, the date of the judgment, complainant had no corporate existence, and had no visible assets. It considered itself immune from final process. But the fraudulent conveyance of its assets to the Hammond Realty Company and the Hammond Elevator Company of Hammond, Indiana, was exposed by a proceeding in the Circuit Court of Lake county, Indiana, and the judgment, the collection of which is now sought to be enjoined, was established as a claim against the Hammond Elevator Company, and a judgment procured against the latter for the amount due on the judgment here attacked. Under these circumstances laches is imputable to complainant in waiting nearly two years before moving to avoid the judgment, in verity of which a court of a sister state has pronounced judgment, enabling the plaintiff to enforce its collection. The laches here appearing is sufficient to bar complainant from any relief in a court of equity. Manufacturers Paper Co. v. Lindblom, 68 Ill. App. 539.

The right of complainant to maintain any action is also challenged by appellee. At the time of filing its bill complainant had been officially dead more than four years. Its final act of dissolution occurred June 4, 1902, and the bill was not filed until February 19, 1907. Section 10, chapter 32, R. S., provides that "All corporations under this law, whose powers have expired by

limitation or otherwise, shall continue their corporate capacity during the term of two years, for the purpose only of collecting debts due said corporation and selling and conveying the property and effects thereof.''

Section 12 of the same act provides further that ''The dissolution for any cause whatever of any corporation created as aforesaid shall not take away or impair any remedy against such corporation, its stockholders or officers, for any liability incurred previous to its dissolution.''

Section 10 is clearly a limitation upon the time given to corporations by the statute to settle up their affairs, and while it has been decided that a dissolved corporation may prosecute an appeal or sue out a writ of error after the lapse of such two year limitation, such holding is grounded upon the theory that such appeal or writ of error is but a continuation of the action in its original form, and therefore for the purposes of review is not to be considered as an original proceeding, but treated in point of time as relating back to the date of the commencement of the action sought to be reviewed. In this case, however, such reasoning has no analogy. The bill when filed was an entirely new and independent proceeding, and had no retroactive effect upon the proceedings in the common law court.

Section 12 is explanatory of the effect of section 10, so far as it might be held to have any bearing upon the rights of claimants; so that neither by construction nor analogy should the limitation as to time given the corporation in which to settle its affairs after dissolution be extended to include the rights of claimants, which are not affected by the fact of dissolution.

Tolcott Stone Co. v. Hutchinson, 176 Ill. 48, seems to pass upon the effect of both sections in their bearing upon the rights of the dissolved corporation and its creditors. As to corporations, they are held to be limited to the two year period in which to take any affirmative action by suit in settling their affairs. Under section 10 the rights of creditors are by construction

held to be continued undisturbed by the fact of dissolution, and environed for enforcement solely by the general limitation statutes. However, if we are wrong in our interpretation of this statute, still for other reasons herein assigned, the decree below must be affirmed.

The judgment sought to be enjoined was founded on a judgment against complainant in favor of one E. A. Stichtenoth, the debtor of appellee and the defendant in that suit. The judgment debtor, Stichtenoth, is not here complaining. She is not a party to the bill. It is our judgment that complainant, in the condition we find the record, has no cause to complain nor right to question the accuracy of the judgment, as the amount of its declared indebtedness to appellee's debtor largely exceeds her debt to appellee.

The court say in Empire Car Roofing Co. v. Macey, 115 Ill. 390: "It is contended that it is the right and duty of the garnishee to inquire into the validity and regularity of the proceedings in the attachment case. If the proceedings are void, they may be attacked by the garnishee; but if the court had jurisdiction, its errors and irregularities can only be called in question by the defendant in the original attachment, in a direct proceeding. Pierce v. Carlton, 12 Ill. 358. Here the court had jurisdiction and the judgment was not void, and if errors intervened they cannot be inquired into by the appellant, who was a garnishee in the Circuit Court."

The injunctional bond given is not that provided by section 8, chapter 69, R. S. The condition should be to pay the judgment entered and costs. Williams v. Harper, 127 Ill. App. 619; Packer v. Roberts, 44 ibid. 232; Am. Fine Arts Co. v. Voight, 103 ibid. 659; Grossman v. Davis, 117 ibid. 354; Ebann v. Brown, 139 Ill. App. 213.

This defect, standing by itself, is sufficient to justify a dissolution of the injunction so improvidently granted. Complainant has no standing by this record

CHICAGO—FIRST DISTRICT—A. D. 1908. 479

Hibernian Bank. Assn. v. Eckhart & Swan Mill. Co.

to maintain its bill, and the decree of the Superior
Court is therefore affirmed.

*Affirmed.*