## Morris Jaffe, Appellee, v. James H. Hooper et al. James H. Hooper, Appellant.

### Gen. No. 32,488.

1. INJUNCTIONS—*application of statutory provisions where bill to enjoin judgment is not brought by judgment debtor.* Sectons 4 to 8 of the Injunction Act, Cahill's St. ch. 69, ¶¶ 4–8, in regard to enjoining judgments at law, do not apply where the bill is not brought by the judgment debtor in the action at law and where an injunction restraining the judgment is an incidental part of the main relief sought.

2. INJUNCTIONS—*condition of bond on issuing injunction to enjoin a judgment.* An injunction may issue to enjoin a judgment at law without the bond being conditioned for the payment of the judgment if the injunction is dissolved, as provided by Cahill's St. ch. 69, ¶ 8, where the injunction is sought, by one who is not the judgment debtor in the action at law, to preserve a *status quo* as an incidental part of the main relief sought, and where the bond is conditioned to pay damages if the complainant fails.

Appeal by defendant from the Circuit Court of Cook county; the Hon. PHILIP L. SULLIVAN, Judge, presiding. Heard in the third division of this court for the first district at the December term, 1927. Affirmed. Opinion filed February 9, 1928.

A. D. GASH, for appellant.

ISIDORE FRIED, for appellee.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

On November 26, 1927, Morris Jaffe, as complainant, filed a bill of complaint in the circuit court, praying, among other things, to be allowed to redeem certain real estate under a judgment, execution and levy, and praying, also, for an injunction restraining the defendant, James H. Hooper, from enforcing a judgment which he had obtained in the municipal court against one Jettas, who was a tenant, of the complainant, of the premises in question.

On December 2, 1927, the chancellor entered an order restraining and enjoining the defendant, James H. Hooper, from in any way prosecuting his suit in the municipal court, in Chicago, Case No. 1265581, against Jettas, or enforcing the judgment therein obtained, or bringing any other suit for rent of the premises described in the bill of complaint, or bringing any suit to oust the complainant or Jettas from the premises until the further order of the court, upon complainant filing a bond in the sum of $500 with sureties to be approved by the court. Pursuant to that order, a bond was duly filed by the complainant and approved by the court.

An interlocutory appeal was then taken by the defendant, Hooper, from the order of the court granting the above-mentioned injunction. In the brief for the defendant, it is claimed that the injunction bond as given, that is, the $500 bond, did not provide for the payment of the judgment, the collection of which is sought to be restrained, and that, therefore, the injunction order of December 2, 1927, should be reversed.

The defendant cites in support of his contention the following cases: *Central Stock & Grain Exchange v. Pine Tree Lumber Co.*, 140 Ill. App. 471; *Ebann v. Brown*, 139 Ill. App. 213; and *Stirlen v. Neustadt*, 50 Ill. App. 378.

Section 8 of chapter 69 on Injunctions, Cahill's St.

ch. 69, ¶ 8, provides that: "Before an injunction shall issue to enjoin a judgment, the complainant shall give bond to the plaintiff therein, in double the amount of such judgment, with sufficient surety approved by the court, judge or master, conditioned for the payment of all moneys and costs due to the plaintiff in the judgment, and such damages as may be awarded against the complainant in case the injunction is dissolved. If the injunction be dissolved in the whole or in part, the complainant shall pay, exclusive of legal interest and costs, such damages as the court shall award, not exceeding ten per centum, on such part as may be released from the injunction."

An examination of the bill of complaint shows that the injunction asked for, in so far as it pertained to the judgment obtained by the defendant Hooper against Jettas, in the suit in the municipal court, was merely an incidental part of the relief prayed for, and, further, was relief sought by one, the complainant, who was not the person against whom the judgment sought to be enjoined was rendered. In a conventional case, where an injunction is issued to enjoin a judgment, the complainant is the original judgment debtor against whom the judgment was rendered.

It is stated in the brief of counsel for the complainant that no cases have arisen in Illinois where the applicability of sections 4 to 8 of the Injunction Act, Cahill's St. ch. 69, ¶¶ 4-8, to cases wherein a judgment is sought to be enjoined by some one other than the original judgment debtor, was considered.

In the instant case, the complainant contends that the defendant claims ownership of the complainant's real estate by virtue of an execution sale which is void by reason of certain facts stated in the bill, and which facts are not here controverted; that the injunction which the chancellor granted was merely to preserve the *status quo* until the merits of the case could be determined; that it restrains the defendant from oust-

ing the complainant, or his tenant Jettas, from the premises, or bringing any suit for rent against the tenant, and restrains the defendant from proceeding with a judgment for rent which he had obtained by default against the complainant's tenant Jettas, that is, that the complainant desires to prevent the defendant from harassing him and his tenant while these proceedings are pending, and that the injunction was granted for that purpose.

We think that an examination of sections 4 to 8 of the Injunction Act shows that they relate only to cases in which the person seeking to enjoin the judgment at law is the one against whom the judgment was originally rendered.

Section 5 of the act provides that every injunction when granted shall operate as a release of all errors in the proceedings at law that are sought to be enjoined. Certainly the legislature did not contemplate that some one other than the judgment debtor could release errors in the proceeding at law as to the original judgment debtor.

Section 7 of the act provides that only so much of any judgment at law shall be enjoined as the complainant shall show himself equitably not bound to pay. That language tends to show that the statute was meant to apply only in a case where the complainant seeking the injunction was the judgment debtor in the proceeding at law.

As to section 8, it provides that before an injunction shall issue to enjoin a judgment, the complainant shall give bond in double the amount of the judgment, conditioned for the payment of all moneys and costs due the plaintiff in the judgment, and damages. Where the judgment debtor seeks to restrain the judgment, it is natural and reasonable to require of him that he give a bond conditioned to pay the judgment in case he loses in his equity suit. Where, however, some one other than the judgment debtor asks for the injunction, it is difficult to see why the bond should be con-

ditioned for the payment of the judgment in case he loses, especially as plaintiff in the suit at law is fully protected if he obtains a bond conditioned to pay damages, if the complainant in the equity action fails in his suit, and is then free to proceed on his judgment against the original judgment debtor.

In our judgment, sections 4, 6, 7 and 8 of the Injunction Act do not apply in a situation such as is presented in the instant case, wherein an injunction restraining a judgment is an incidental part of the main relief sought, and where the bill is not brought by the judgment debtor in the action at law.

In a Colorado case, *Mentzer v. Ellison*, 7 Colo. App. 315, 43 Pac. 464, a complainant filed a bill to set aside a judgment sustaining an attachment by the defendant against one Filberg, a debtor to the plaintiff, who had voluntarily allowed a judgment to be entered against her. The court said:

"In conclusion, counsel say that the plaintiffs' injunction operated as a release of errors in the attachment proceedings.   *   *   *   Section 146 of the Code provides that no injunction shall be granted to stay any judgment at law for a greater sum than the complainant shall show himself not equitably bound to pay, and that such injunction, when granted, shall operate as a release of all errors in the proceedings at law that are prayed to be enjoined. This section contemplates only an injunction in favor of a party who is liable for the payment of the judgment, and is therefore inapplicable to these plaintiffs."

The defendant here is not appealing from the injunction order itself, but is merely contending that the bond was not conditioned properly. In our judgment, it was not necessary that the bond given should have been conditioned for the payment of the judgment sought to be enjoined.

The order of December 2, 1927, is affirmed.

*Affirmed.*

HOLDOM and WILSON, JJ., concur.